## H. H. Doyle v. Simeon F. Hall and Mary E. Hall.

1. BANKRUPTCY—*Vested Rights of Parties Not Extinguished by Proceedings in.*—A pre-existing execution lien will not be divested upon the commencement of voluntary bankruptcy proceedings. The lien of an execution is just as valid as the lien of a mortgage; neither the property nor the lien is by such proceedings destroyed.

2. SAME—*Filing a Petition of, Not a Compliance with the Provisions of the Statute Concerning Executions.*—The filing of the petition in bankruptcy in the United States District Court can not be considered as a compliance with the positive provision of the statute that a schedule by the defendant in the execution must be delivered to the officer having the execution, or filed in the court where the writ is issued.

Appeal from an order of the Circuit Court of Cook County, vacating a levy of execution; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1899. Reversed and remanded. Opinion filed December 19, 1899.

Statement.—October 1, 1898, a judgment in favor of appellant and against appellees was entered in the Circuit Court of Cook County. The same day an execution based upon said judgment was issued and placed in the hands of the sheriff · of said county. October 6, 1898, said sheriff made a demand upon said appellee Mary E. Hall, and October 7th, upon said appellee Simeon F. Hall, for money or property to satisfy said writ, and at the time of making such demand served upon each of the appellees a copy of said execution with notice indorsed thereon, signed by said sheriff, notifying each one of said appellees that they must respectively file a schedule of property within ten days in order to claim any exemption, all as provided by Sec. 14, Ch. 52, Rev. Stat. Afterward said execution was returned unsatisfied as to appellee Mary E. Hall.

October 17, 1898, Simeon F. Hall filed in the District Court of the United States for the Northern District of Illinois, the petition in bankruptcy of S. F. Hall & Co., the members of said firm being said appellees. The schedule accompanying said petition included the personal property upon which said execution was afterward levied.

November 1, 1898, said sheriff levied said execution upon the interest of appellees in certain personal property. November 3d, said bankruptcy proceeding came on to be heard in said United States Court, upon a motion for a rule upon said sheriff and the attorneys of said appellant to show cause why they should not be attached for contempt in making said levy. The same day it was by that court " ordered, adjudged and decreed that, said goods being exempt under the laws of the State of Illinois from levy, execution or attachment, are, therefore, exempt from administration under the bankruptcy law."

November 4th, upon the motion of appellees it was ordered by said Circuit Court that said levy of said execution be quashed, and that said sheriff turn over to appellees all the property upon which said execution had been levied, upon condition that appellees give a bond, as provided by said order. This appeal is prosecuted to reverse said order of said Circuit Court.

CHILDS & HUDSON, attorneys for appellant.

JOHNSON & McDANNOLD, attorneys for appellees.

MR. PRESIDING JUSTICE HORTON delivered the opinion of the court.

It is provided in Sec. 14, Ch. 52, Rev. Stat. of Ill., referred to in the preceding statement, that when copy of execution and notice are served upon an execution debtor, he shall, within ten days after such service, make a complete schedule of all his property, and file the same, duly verified, with the sheriff, or in the court where the execution issued.

The opening sentence of the printed argument of counsel for appellees, filed in this cause, is as follows :

" The only question presented to this court for adjudication under the issues in this cause is : Was the filing of the petition in bankruptcy a sufficient schedule, within the meaning and contemplation of the laws of the State of Illinois, requiring the filing of a schedule within ten days after the service of the execution?"

Doyle v. Hall.

When said execution was placed in the hands of the sheriff, October 1, 1898, it at once became a lien upon the personal property of appellees in said county. Such lien is not divested by voluntary proceedings in bankruptcy. The "title and possession" of the bankrupt court is no better or more complete than the title and possession of a *bona fide* purchaser for value would be. A pre-existing execution lien would not be thereby divested in either case. The question now before us is not how or in what form the lien must be enforced, but whether the lien exists.

Counsel for appellees, in their said printed argument, also state as follows:

"If our reasoning is correct, that upon the filing of the petition in bankruptcy the title and possession was in the bankrupt court, then, so far as the State court and its process is concerned, the condition is the same as though the property had been annihilated, burned, destroyed, and out of existence."

We do not understand that to be a correct statement of the law. It will not be contended that the lien and security of a valid and *bona fide* mortgage, made in good faith prior to the commencement of voluntary bankruptcy proceedings, is discharged or divested by such proceedings. The title, possession and control of the property may pass to the bankruptcy court, but the vested rights of parties are not thereby extinguished. The lien of an execution is just as valid as the lien of a mortgage. Neither the property nor the lien is by such proceedings "annihilated, burned, destroyed, or put out of existence."

When the bankruptcy court ordered that said goods be returned to the appellees, because they were exempt from administration under the bankrupt laws, the "title and possession" of that court terminated. The rights of the parties to this case, to the property in question, were thereafter the same as though such bankruptcy proceedings had never been commenced, and then the power to adjudicate, as between the parties to this suit, the questions of whether the property levied upon is exempt, and whether appellees have waived their right of exemption under the

statute of this State, is in the State court and not in the Federal court.

It seems from this record that the only reason presented to, or considered by, the Circuit Court as to why said levy should be quashed, was that of the bankruptcy proceedings, and the order entered in the bankruptcy court. No testimony was offered upon any other theory or issue. We are not therefore inclined to do more than to say that upon that issue the motion should have been overruled. The order in the bankruptcy court was not such an adjudication as to estop the Circuit Court from inquiring and determining, as between the parties to this suit, concerning the exemption of the property levied upon.

The exemption of personal property is a statutory right. While this court is not inclined to hold that the statute must be strictly construed in every detail, yet there must be a fairly reasonable compliance with its provisions. The provision is positive that a schedule by the defendant in the execution must be delivered " to the officer having the execution " or filed " in the court where the writ is issued." The filing of the petition in bankruptcy in the United States District Court can not be considered as a compliance with the positive provision of the statute. Neither was the jurisdiction of the Circuit Court permanently ousted by the fact that the property was temporarily within the possession and control of the United States Court.

The order of the Circuit Court, entered November 4, 1898, is reversed and the cause remanded for further proceedings, not inconsistent with the views here expressed.